UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JESUS H. CARMONA-LICON, ) <br> ) <br>       Plaintiff, ) <br> ) <br>       vs. ) <br> ) <br> FEDERAL HOME LOAN MORTGAGE ) <br> CORP. et al., ) <br> ) <br>       Defendants. ) <br> ) | 2:13-cv-00703-RCJ-PAL <br><br> **ORDER** |

This is a residential foreclosure avoidance case. Pending before the Court are Defendants' separate Motions to Dismiss (ECF Nos. 5, 11) and Plaintiff's Motion to Voluntarily Dismiss (ECF No. 7) as to one Defendant. For the reasons given herein, the Court grants the motions to dismiss and denies the motion to dismiss voluntarily as moot.

**I.    FACTS AND PROCEDURAL HISTORY**

Plaintiff Jesus H. Carmona-Licon gave lender Nevada Federal Credit Union ("NFCU") a $235,000 promissory note (the "Note") to purchase or refinance real property at 3120 E. University Ave., Las Vegas, NV 89121 (the "Property"), secured by a deed of trust (the "DOT") with trustee Nevada Title Co. and nominee/beneficiary Mortgage Electronic Registration Systems, Inc. ("MERS"). (*See* DOT 1–3, June 13, 2007, ECF No. 5-1). MERS assigned the Note (in its capacity as NFCU's nominee) and the DOT (in its capacity as beneficiary thereof) to Bank of America, N.A.

("BOA"). (*See* Assignment, Oct. 21, 2011, ECF No. 5-2). BOA then assigned the Note and DOT to M&T Bank. (*See* Assignment, Dec. 30, 2011, ECF No. 5-3). Bayview Loan Servicing, LLC ("Bayview") then, as purported attorney-in-fact for M&T Bank, substituted MTC Financial, Inc., d.b.a. Trustee Corps as trustee. (*See* Substitution, Feb. 9, 2012, ECF No. 5-4). Trustee Corps then filed a Notice of Breach and Default and Election to Cause Sale of Real Property Under Deed of Trust (the "DOT"). (*See* DOT, June 4, 2012, ECF No. 5-5). The state Foreclosure Mediation Program ("FMP") mediation did not result in a mediation agreement, and foreclosure was permitted to proceed. (*See* FMP Certificate, Nov. 6, 2012, ECF No. 5-6). Trustee Corps noticed a trustee's sale for January 11, 2013. (*See* Notice of Trustee's Sale, Dec. 7, 2012, ECF No. 5-7). Silver Liege Development, LLC purchased the Property at the trustee's sale for $159,000. (*See* Trustee's Deed Upon Sale, Jun. 15, 2013, ECF No. 5-8).

Plaintiff sued the Federal Home Loan Mortgage Corp. ("Freddie Mac") and RBS Greenwich Capital ("RBS") *in pro se* in state court for intentional and negligent misrepresentation. (*See* Compl., Jan. 17, 2013, ECF No. 1-5). RBS removed and moved to dismiss. Plaintiff moved to dismiss RBS voluntarily. Freddie Mac separately moved to dismiss.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds upon which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether a complaint is sufficient to state a claim, a court takes all

material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  A court, however, is not required to accept as true unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  In other words, under the modern interpretation of Rule 8(a), a plaintiff must not only specify a cognizable legal theory (*Conley* review), he must also plead the facts of his own case so that the court can determine whether he has any basis for relief under the legal theory he has specified, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

**III.     ANALYSIS**

Plaintiff alleges in the Complaint that he justifiably relied on Defendants' "falsified assignments" and the securitization of the mortgage.  The Court rejects this claim.  Plaintiff's only possible reliance was upon statements inducing him to enter into the mortgage, not upon anything Defendants did with their interests in the mortgage after it was given.  There is no impropriety

evident in the assignments of the Note and DOT, or in the bare fact of securitization, and Plaintiff alleges no fraud in the inducement.  The fraud Plaintiff does allege is irrelevant to the terms of the mortgage.  The Court perceives no impropriety in the foreclosure.  Furthermore, Plaintiff has not timely responded to either motion to dismiss, which constitutes consent to granting them. *See* Local R. 7-2(d).  Court therefore grants the motions to dismiss and denies the motion to dismiss voluntarily as moot.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 5, 11) are GRANTED.

IT IS FURTHER ORDERED that the Motion to Voluntarily Dismiss (ECF No. 7) is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 16th day of September, 2013.

_____
ROBERT C. JONES
United States District Judge